## IN THE MATTER OF DANIEL ESTEN, FOR CERTIORARI.

Although a person accused of an offence cannot be called upon to pay the costs of the state as part punishment, in advance of his conviction, yet it is competent for the court before which the case against him is pending, to require him to pay them as a condition of the continuance of his case, which he seeks, and which it is within the discretion of the court either to grant or refuse.

PETITION for a writ of *certiorari* to the Court of Common Pleas, commanding such court to send to the Supreme Court its record in the criminal appeal, *State, Smith Wood, complainant,* v. *Daniel Esten, appellant,* so that the Supreme Court might cause to be done in the premises whatever to right and justice might appertain.

At the hearing, a statement of facts, allowed by Mr. Justice Burges, the judge of the Court of Common Pleas, was submitted to the court, from which it appeared that the petitioner,

having been convicted of an assault and battery upon one Smith Wood, before a justice court in the town of Burrillville, appealed to the Court of Common Pleas for this county.   At the opening of the March term, 1869, of the court, the respondent presented the following affidavit as the basis of a motion for a continuance :—

" I, Benjamin Joslin, a physician, residing in the town of Burrillville, make affidavit, and say :   Daniel Esten is about ninety years old ; he is very feeble, and his mind is very much impaired by age.   In my opinion, it would not be prudent for him to leave his home to attend to any business.   The journey to Providence and the excitement of a trial would, in all probability, cause his death.   Both mentally and physically, he is incapable of performing the journey, or attending to the trial of a cause in court.

BENJAMIN JOSLIN."

" Subscribed and sworn to before me, in the town of Burrillville, on this 1st day of March, A. D. 1869.

WM. BELLOWS, <i>Justice of the Peace.</i>"

"I, Simon S. Lapham, on oath make affidavit, and say, I know Benjamin Joslin, who signed the affidavit in regard to the condition of Daniel Esten.   Said Joslin is a practicing physician, in good standing, and has been located and practicing in the town of Burrillville for a number of years.

SIMON S. LAPHAM."

" Subscribed and sworn to before me, on the second day of March, A. D. 1869, in the city of Providence.

Z. O. SLOCUM, <i>Justice of the Peace.</i>"

A continuance of said cause was moved, for the reasons that the respondent was, through old age and sickness, unable to be in court, as set forth in the affidavit of the physician. The counsel for the state opposed the motion, on the ground that as the infirmities arose from extreme old age, it was not probable the respondent would hereafter be able to try his

case. The counsel for the state also stated, that this case had been continued several times on similar affidavits, and that at the last continuance he had been notified that a similar affidavit would be presented at the opening of this term of the court, and a motion made for a continuance.

The court ruled that the affidavit was sufficient, and ordered the case continued on terms, and ordered the respondent to pay all costs of summoning, and for the attendance of witnesses, on , the part of the state, at the present term.

The counsel for the respondent objected to the conditions, and stated that he should file exceptions, and should decline to pay the costs unless the Supreme Court should sustain the rulings and decision of the court, and if said rulings were sustained, his client would pay the costs as ordered.

The court then ordered the respondent called. Thereupon, the counsel for the respondent protested against his client being called, and requested the court to continue the case, until a decision of the Supreme Court could be obtained upon the rulings of the court in regard to costs. This the court declined to do, and ordered the respondent called and his recognizance defaulted, which was then done.

The counsel for the respondent excepted to the above rulings and proceedings, and gave notice that he should file exceptions to the same.

*B. N. and S. S. Lapham, for petitioner.*

*Van Slyck, contra.*

DURFEE, J. We understand that the Court of Common Pleas, in effect, whatever may have been the form of its action, granted a continuance of the complaint against the relator, on his motion, on condition that he should pay the costs of the state for the term, and that, upon his refusal to pay them, the court had his recognizance called and defaulted. The relator contends, that, inasmuch as the statutes provide that the costs shall be a part of the sentence, thus making them a part of the punishment, he ought not to have been called upon to pay any portion of them before conviction. This argument would be valid if the relator had been called upon to pay the costs of the

state, for the term, as part punishment, in advance of his conviction; but he was simply called upon to pay them as a condition of the continuance, for which he had asked, and which it was within the discretion of the court either to grant or refuse. The grant being made upon a condition to be performed by the relator, became a refusal on his declining to perform it. We think the Court of Common Pleas, in its action in the premises, did not exceed its powers; whether it exercised its discretion wisely or not, we do not feel called upon to inquire.

For this reason, without determining whether, in any view, a writ of *certiorari* would have been the proper remedy,—the question which was not argued,—we dismiss the application.

*Application dismissed.*